A. G. KINNEY *vs.* HENRY CAY.

September 10, 1888.

Conditional Sale — Failure to File Contract of Exchange. — Gen. St. 1878, *c.* 39, § 15, requiring a conditional contract of sale, or, if oral, a memorandum thereof, to be filed, as against creditors and *bona fide* purchasers and mortgagees, *held* to apply to an exchange of horses, in which one of the parties reserved the right to return the one delivered to him and retake his own, if the one delivered to him should prove to have a certain disease.

Appeal by plaintiff from an order of the district court for Otter Tail county, *Baxter*, J., presiding, granting a new trial. The action

was replevin for a colt, the defence title in defendant by purchase from one Wright, a purchaser from plaintiff. At the trial the plaintiff's contention was that the colt had been delivered by him to Wright in exchange for a mare, and upon the condition that in case the mare should prove to have the glanders, the plaintiff might reclaim the colt; that the mare proved to have the glanders, and plaintiff thereupon reclaimed the colt from defendant, who had bought from Wright and claimed to be a *bona fide* purchaser. The contract of exchange was oral, and no memorandum of it was filed in the town clerk's office.

*Day & Bruce*, for appellant.

*Henry Dressler* and *Rawson & Houpt*, for respondent.

GILFILLAN, C. J. Section 15, chapter 39, Gen. St. 1878, applies by its terms to oral as well as written contracts of sale the conditions of which are that the title or ownership of the property remains in the vendor. Such conditional sales, where the property is delivered to the purchaser, and he is thereby given the appearance and *indicia* of title, have been fruitful of mischief to creditors and *bona fide* purchasers and mortgagees of the first purchaser. The statute, for the protection of such, requires, therefore, that the contract containing the condition, if it be in writing, or a copy thereof, or, if it be oral, a memorandum expressing the terms and conditions thereof, shall be filed. The policy of the statute is the same as that which, for the same purpose, requires a chattel mortgage or a copy of it to be filed. If, then, as appellant claims, the sale by him to Wright, of the colt, was a conditional one, so that the absolute title did not pass, the case comes within the statute cited; and, if respondent purchased from Wright in good faith, he is protected by it. As in its charge to the jury the court stated the law differently, it was right in granting a new trial.

Order affirmed.

MITCHELL, J., (*concurring.*) I concur in the result, on the ground that there was no evidence that the sale was conditional; all that was said about trading back in a certain contingency being a mere gratuitous promise, made by the vendee after the bargain was closed and the property delivered. But I am not prepared to say that the statute referred to applies to a case of this kind. I am rather in-

clined to think that it was intended to apply only to cases where the title of the property is retained by the vendor as security for something to be paid or given by the vendee as the consideration or purchase price of the property.